UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DWIGHT THOMAS PERRY,

                           Plaintiff,

    -vs-                             **No. 1:14-CV-01028 (MAT)**
                                        **DECISION AND ORDER**
CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,
                          Defendant.
_____

## I.   Introduction

Represented by counsel, Dwight Thomas Perry ("plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, plaintiff's motion is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

## II.  Procedural History

The record reveals that in November 2008, plaintiff (d/o/b September 17, 1960) applied for DIB and SSI, alleging disability as of March 11, 2007. After a hearing, Administrative Law Judge

William M. Weir issued an unfavorable decision. On May 25, 2012, the Appeals Council reversed and remanded the ALJ's decision, ordering the ALJ to assess "the nature and severity of the alleged medically determinable impairments"; evaluate plaintiff's subjective complaints in accordance with the regulations; evaluate plaintiff's mental impairments in accordance with the regulations; "[g]ive consideration to the claimant's maximum residual functional capacity ["RFC"] and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations"; consult a vocational expert ("VE") if necessary; and, if plaintiff was found disabled, conduct further proceedings as required in order to determine whether alcoholism was a contributing factor material to the determination of disability. T. 124-25.

On remand, the ALJ held a new hearing on October 22, 2012. In addition to plaintiff, psychological expert Jerry Cottone, Ph.D. and VE Timothy Janikowski testified. The ALJ issued a second unfavorable decision on April 24, 2013. The Appeals Council denied review of that decision and this timely action followed.

**III. The ALJ's Decision**

The ALJ followed the well-established five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. See 20 C.F.R. § 404.1520. Initially, the ALJ determined that plaintiff met the insured status requirements of the Social Security Act through December 31, 2012. At step one, the

2

ALJ determined that plaintiff had not engaged in substantial gainful activity since March 11, 2007, the alleged onset date. At step two, the ALJ found that plaintiff suffered from a learning disability and degenerative disc disease, both of which the ALJ considered severe impairments. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment.

Before proceeding to step four, the ALJ determined that plaintiff retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that he could not perform complex tasks; he could only occasionally climb stairs and bend; and he could tolerate only occasional exposure to vapors, fumes, and temperature extremes. At step four, the ALJ determined that plaintiff was not capable of performing past relevant work as an assembly line worker, file clerk, or janitor. At step five, the ALJ found that considering plaintiff's age, work experience, and RFC, jobs existed in significant numbers in the national economy that plaintiff could perform. The ALJ thus found that plaintiff was not disabled.

**IV. Discussion**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also Green-Younger v. Barnhard, 335 F.3d 99, 105-06 (2d Cir. 2003).

"Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000).

Plaintiff contends that the ALJ erred by failing to follow the Appeals Council's order reversing and remanding the original decision. Specifically, plaintiff argues that the ALJ erred by making no finding as to the severity of plaintiff's diagnoses of adjustment disorder and borderline intellectual functioning. Additionally, plaintiff contends that the ALJ erred by failing to provide an appropriate rationale for his RFC finding, which plaintiff argues was unsupported by substantial evidence in the record. After a review of the record, the Court agrees with plaintiffs' arguments.

As noted above, the Appeals Council directed the ALJ to "[g]ive consideration to the claimant's maximum residual functional capacity ["RFC"] and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations[.]" T. 125. The order also specified that the ALJ was to consider plaintiff's mental impairments in accordance with the specific technique laid out in 20 C.F.R. §§ 404.1520a and 416.920a. The regulations clearly state that an "administrative law judge *shall* take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 404.977(b) (emphasis supplied). "The failure of an ALJ to abide by the directives in an

4

Appeals Council remand order constitutes legal error requiring remand." Ellis v. Colvin, 29 F. Supp. 3d 288, 299 (W.D.N.Y. 2014) (citing, inter alia, Scott v. Barnhart, 592 F. Supp. 2d 360, 371 (W.D.N.Y. 2009) ("The ALJ's failure to comply with the Appeals Council's order constitutes legal error, and necessitates a remand.")).

The ALJ's failure to assess the severity of all of plaintiff's impairments, including his diagnoses of adjustment disorder and borderline intellectual functioning, constituted a failure to comply with the Appeals Council's order. Although the ALJ's decision did mention evidence regarding these conditions, the ALJ's step two finding does not make it clear that he actually considered these impairments in terms of their severity, and his ultimate RFC finding does not indicate that he considered what limitations, if any, resulted from these impairments. Remand is thus necessary for the ALJ to fully comply with the Appeals Council's order to consider the severity of these impairments in accordance with the regulations. See Scott, 592 F. Supp. 2d at 371.

Additionally, the ALJ's RFC finding is problematic considering the weight he gave to the consulting opinions in this case. Those examinations included a psychiatric exam performed by Dr. Robert Hill in April 2008; intelligence exams performed by Dr. Thomas Ryan in June 2008 and March 2009; an internal medicine exam performed by Dr. Cindrea Bender in March 2009; and a psychiatric review technique and mental RFC performed by Dr. Hillary Tzetzo in April

5

2009. The ALJ considered these opinions, which found various physical and mental limitations, and stated that he gave significant weight to all of the opinions. However, without explanation, his RFC finding failed to incorporate many of the functional limitations found by the medical sources. For example, both Drs. Hill and Ryan found that plaintiff would have some limitation in dealing with stress; however, the RFC finding does not assess any limitations resulting from stress. Regarding physical limitations, Dr. Bender found that plaintiff would have limitations with lifting, sitting and/or standing for prolonged periods, and walking prolonged distances. However, the ALJ found that plaintiff retained the RFC for a full range of light work, limiting plaintiff's physical functions only in relation to climbing stairs and bending.

It is unclear why the ALJ failed to incorporate various limitations into his RFC finding, despite giving significant weight to the opinions containing those findings. The Court thus finds that the ALJ failed to comply with the Appeals Council's order, and the regulations' mandate, to specify an appropriate rationale for his determined RFC. Remand is thus required on this basis as well.

This case is therefore remanded for further proceedings, which should fully comply with the Appeals Council's original order in this case. In particular, on remand, the ALJ is directed to consider all of plaintiff's medically determinable impairments in his step two analysis. The ALJ should evaluate plaintiff's mental

health impairment(s), as directed by the Appeals Council, "in accordance with the special technique described in 20 C.F.R. 404.1520a and 416.920a, documenting application of the technique in the decision by providing specific findings and appropriate rationale for each of the functional areas described in 20 C.F.R. 404.1520a(c) and 416.920a(c)." T. 125. Additionally, on remand the ALJ should fully consider the functional limitations assessed by plaintiff's consulting physicians, stating the weight given to each opinion including whether portions of any opinion were rejected, and explain the specific evidence supporting any assessed limitations in the ultimate RFC determination. The Court notes that although these areas are emphasized specifically, on remand the ALJ must comply with every aspect of the Appeals Council's May 25, 2012 order.

## VI. Conclusion

For the foregoing reasons, the Commissioner's cross-motion for judgment on the pleadings (Doc. 16) is denied and plaintiff's motion (Doc. 10) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**
_____
HON. MICHAEL A. TELESCA
United States District Judge

Dated:   January 21, 2016
         Rochester, New York.